IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-194-BO

| | |
|---|---|
| AMANDA M. POORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| RAY EVANS, III, et al., | ) |
| | ) |
| Defendants. | ) |

This cause comes before the Court on the memorandum and recommendation by United States Magistrate Judge Robert T. Numbers, II. [DE 4]. For the following reasons, the Court adopts the M&R and DISMISSES plaintiff's complaint.

## BACKGROUND

Plaintiff brings claims in connection with her purchase of a house in Onslow County, North Carolina, alleging that defendants failed to disclose major defects in the property and then threatened her. Plaintiff applied to proceed *in forma pauperis* under 28 U.S.C. § 1915. In November 2018, Magistrate Judge Numbers entered the instant memorandum and recommendation (M&R), recommending that plaintiff's application to proceed *in forma pauperis* be granted but that her complaint dismissed for lack of subject-matter jurisdiction. While plaintiff has not filed any objections to the M&R, she has since filed an amended complaint and written a letter to the Court purporting to correct the defects.

## DISCUSSION

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*,

474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

Despite plaintiff's awareness of her obligation to file written objections to the M&R, plaintiff instead filed an amended complaint purporting to correct the jurisdictional defects identified in the M&R. In particular, plaintiff asserts that this Court has subject-matter jurisdiction because the relevant events took place while she was a resident of Florida. Plaintiff raises only state-law claims related to the non-disclosure of material defects in the Onslow County house she purchased, so no federal-question jurisdiction exists. Further, plaintiff provides in both her original complaint and her amended complaint that each of the defendants are residents of North Carolina, as is she. Even construing plaintiff's letter and amended complaint as a timely filed specific objection, the Court's *de novo* review affirms the magistrate judge's findings. It does not matter that plaintiff signed the closing documents on the Onslow County house when she was still residing in Florida; for the purposes of diversity jurisdiction, the citizenship of the parties is measured at the time the action is filed. *See, e.g., Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570–71 (2004). At the time the action was filed, and at the present moment, plaintiff is a citizen of North Carolina. Even after plaintiff amended her complaint, she stated no claims arising under federal law and did not establish complete diversity of citizenship between the parties. The Court lacks subject-matter jurisdiction over her action.

Having carefully considered the M&R and record, the Court is satisfied that there is no plain error and the magistrate judge correctly determined that subject-matter jurisdiction does not exist, and therefore accepts the magistrate judge's recommendation that the matter be dismissed.

## CONCLUSION

For the above reasons, the memorandum and recommendation of Magistrate Judge Numbers [DE 4] is ADOPTED. Plaintiff's application to proceed *in forma pauperis* is GRANTED but her complaint is DISMISSED.

SO ORDERED, this **13** day of December, 2018.

*[signature: Terrence Boyle]*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE